Kirk R. Helvie, ISB No. 2767
MOFFATT THOMAS BARRETT ROCK &
   FIELDS, CHARTERED
101 South Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83702
Telephone: (208) 345-2000
Facsimile: (208) 385-5384

Attorneys for Plaintiff



FEE PAID
RCPT #7075

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICRON TECHNOLOGY, INC., a Delaware corporation, | Civil No. CV00-0372-S-MHW |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| JOHN and JANE DOES 1-10, | |
| Defendants. | |

Plaintiff Micron Technology, Inc. (hereinafter "Micron") complains and alleges against defendants John and Jane Does 1-10 (hereinafter "Doe defendants") as follows:

### PARTIES

1.    Micron is a Delaware corporation with its principal place of business in Boise, Ada County, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

BOI_MT1:303199.1

1.

2.  John and Jane Does 1-10 are individuals whose identities are presently unknown. Each Doe defendant is a resident of a state other than Idaho or Delaware or is an alien.

## JURISDICTION & VENUE

3.  This suit is based on diversity of citizenship. Jurisdiction is proper under 28 U.S.C. § 1332 and venue is proper under 28 U.S.C. § 1391. The amount in controversy exceeds $75,000, exclusive of costs and attorney fees.

## GENERAL ALLEGATIONS

4.  On or about June 28, 2000, one of the Doe defendants contacted a Micron employee in Texas. The Doe defendant represented himself to be a Micron vice president, and requested that Micron confidential information be sent to him via e-mail. The Doe defendant was not a Micron vice president, and misrepresented his identity.

5.  Some of the requested information was sent to the e-mail address provided.

6.  On or about June 29, 2000, a similar incident occurred in which a Micron employee received a call from a Doe defendant who represented herself to be a Micron employee in Minneapolis, and was seeking to have particular information about Micron's organizational chain of command sent to her laptop computer. When Micron contacted the employee whom the Doe defendant represented herself to be, the employee confirmed that she made no such call to Micron seeking such information.

7.  The sole purpose of the fraudulent actions of Doe defendants is to obtain Micron confidential information for their own purposes.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**　　　　　　　　　　　　　　　BOI_MT1:303199.1

8. By their actions, Doe defendants have intended to interfere with the business opportunities and relationships of Micron.

### FIRST CLAIM FOR RELIEF
### (Fraud)

9. The allegations of paragraphs 1 through 8 are incorporated by reference herein.

10. The Doe defendants have knowingly made false representations with the intent that Micron rely on them and provide Micron confidential information to the Doe defendants.

11. In at least one incident the representations were relied on to the detriment of Micron, because information requested was provided on the basis of the Doe defendant representing himself to be a Micron officer.

12. Micron has been damaged in an amount in excess of $75,000.

### SECOND CLAIM FOR RELIEF
### (Tortious Interference with Business Relationship)

13. The allegations of paragraphs 1 through 12 are incorporated by reference herein.

14. The Doe defendants made statements with the knowledge and intent that the statements would cause individuals within Micron to provide Micron confidential information that defendants could use for their own purposes, in interference with Micron's business relationships.

15. Defendants' unjustified actions have interfered with these business relationships, and Micron has been damaged in excess of $75,000.

## THIRD CLAIM FOR RELIEF
### (Wrongful Interference with a Prospective Economic Advantage)

16. The allegations of paragraphs 1 through 15 are incorporated by reference herein.

17. The Doe defendants made statements with the knowledge and intent that the statements would cause individuals within Micron to provide Micron confidential information that defendants could use for their own purposes, in interference with the prospective economic advantage to Micron resulting from the information.

18. In accordance with Idaho law which requires that the interference be wrongful, the statements were, among other things, in violation of 47 U.S.C. § 223, et al.

19. The Doe defendants' statements have interfered with Micron's prospective economic advantages, and Micron has been damaged in an amount in excess of $75,000.

## FOURTH CLAIM FOR RELIEF
### (Trespass to Chattels / Conversion)

20. The allegations of paragraphs 1 through 19 are incorporated by reference herein.

21. The Doe defendants have intentionally misappropriated property and information owned by Micron.

22. Micron has been damaged in an amount to be proven at trial.

### PUNITIVE DAMAGES

23. The allegations of paragraphs 1 through 22 are incorporated by reference herein.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

BOI_MT1:303199.1

24. The conduct of the Doe defendants is of such an egregious nature as to justify an award of punitive damages in accordance with Idaho law. Micron reserves the right to seek leave to amend this complaint to assert a claim for punitive damages pursuant to Idaho Code § 6-1604.

## INJUNCTIVE RELIEF

25. The allegations of paragraphs 1 through 24 are incorporated by reference herein.

26. The attempts by Doe defendants to obtain confidential information from Micron through misrepresentations similar to those described in this complaint continue, which have caused irreparable harm and continue to cause irreparable harm. Monetary relief is insufficient in this case and Micron requests an injunction pursuant to Federal Rule of Civil Procedure 65 preventing Doe defendants from the use of improper and illegal practices in an attempt to obtain Micron confidential information.

## PRAYER FOR RELIEF

WHEREFORE, Micron requests judgment against the Doe defendants as follows:

A. for general and special damages in an amount to be proven at trial;

B. for punitive damages;

C. for a permanent injunction enjoining defendants from the use of improper and illegal practices in an attempt to obtain confidential information belonging to Micron;

D. for reasonable attorney's fees and costs; and

E. for further relief as the Court deems just and equitable under the circumstances.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

BOI MT1:303199.1

## DEMAND FOR JURY TRIAL

Micron demands a trial by jury on all issues triable to a jury in this matter.

DATED this 30th day of June, 2000.

                MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By _____
     Kirk R. Helvie - Of the Firm
     Attorneys for Plaintiff